### Appeal of Star Brewing Co., Inc.

Docket No. 374.   Promulgated June 16, 1927.

1. The evidence is insufficient to warrant deduction for obsolescence of tangible property.
2. Deduction for obsolescence of good will disallowed. *Manhattan Brewing Co.*, 6 B. T. A. 952.

*Paul F. Myers, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

### FINDINGS OF FACT.

(1) The Star Brewing Co. Inc., was organized in July, 1895, under the laws of the State of West Virginia, to engage in the manufacture and sale of malt liquors. Its principal office was at No. 69 Shirley Street, Roxbury, Mass.

(2) The two main products of the company in pre-prohibition days were "Star Banner Ale" and "Star Prize Lager." The estimated maximum capacity of the plant was 100,000 barrels.

(3) If there be adopted the third method described in A. R. M. 34 for computing the March 1, 1913, value of good will, the computation would be as follows:

Average tangible assets for the five-year period prior to March 1, 1913; i. e., the calendar years 1908 to 1913, inclusive_____ $560,107.60

10% of the average tangible assets for this period_____ 56,010.76

Average earnings for this period_____ 82,457.03

Surplus earnings—the excess of the actual average earnings over a 10% return on the average tangible assets_____ 26,446.27

Capitalizing this amount on the basis of a five years' purchase____ x5

Value of the good will as of March 1, 1913_____ 132,231.35

(4) On December 31, 1919, the plant and equipment accounts on the books of the company disclosed an undepreciated balance of $177,365.95. The salvage or scrap value of the plant and equipment totaled $32,700, leaving a difference of $144,665.95. These values were practically the same as of October 28, 1919, inasmuch as there was little difference, if any, between the values on that date and December 31, 1919. A statement showing the undepreciated balance of the plant and equipment accounts as of December 31, 1919, and the salvage value of plant and equipment as of that date is as follows:

| Asset | Asset cost | Reserve for depreciation | Net asset value |
|---|---|---|---|
| Brick building_____ | $146,933.28 | $65,989.41 | $80,943.87 |
| Machinery_____ | 211,759.07 | 141,752.65 | 70,006.42 |
| Machinery—restored_____ | 746.30 | 37.31 | 708.99 |
| Packages_____ | 45,895.24 | 40,040.82 | 5,854.42 |
| Packages—restored_____ | 14,777.65 | 3,367.75 | 11,409.90 |
| Stable equipment_____ | | | |
| Stable equipment—restored___ | 1,964.06 | 98.21 | 1,865.85 |
| Office equipment_____ | | | |
| Office furniture—restored___ | 85.00 | 8.50 | 76.50 |
| Vats—restored_____ | 7,000.00 | 980.00 | 6,020.00 |
| Autos—restored_____ | 600.00 | 120.00 | 480.00 |
| Total_____ | 429,760.60 | 252,394.65 | 177,365.95 |
| Deduct: Salvage or scrap value of plant: | | | |
| Land, buildings, and fixed machinery_____ | | 42,000.00 | |
| Less: Land_____ | | 13,300.00 | |
| | | 28,700.00 | |
| Movable machinery and equipment_____ | | 4,000.00 | |
| | | | 32,700.00 |
| *Loss on obsolescence of plant,* at October 28 or December 31, 1919, if allowed_____ | | | 144,665.95 |

(5) In the latter part of 1919 the company had a large quantity of malt liquors in process of manufacture. There also were on hand brewing materials. It then commenced the manufacture of a cereal beverage containing one-half of one per cent of alcohol. The company sustained operating losses in 1920 and 1921, when operations ceased, in the amounts of $42,721.12 and $50,249.44, respectively.

(6) The number of barrels produced per year from 1913 to 1917, inclusive, follows:

|  | Barrels |
|---|---|
| 1913 | 95, 445 |
| 1914 | 90, 375 |
| 1915 | 71, 760 |
| 1916 | 68, 000 |
| 1917 | 80, 485 |

The number of barrels of cereal beverage produced during 1920 and 1921 follows:

|  | Barrels |
|---|---|
| 1920 | 6, 100 |
| 1921 | 5, 005 |

(7) Upon the commencement of the manufacture of cereal beverages in 1920, only a portion of the plant and equipment was used, and the balance was abandoned. The total floor space of the brewery buildings (excluding the brick annex upon which obsolescence has been allowed) was 29,497 square feet. The floor space of the brewery buildings unused after December 31, 1919, due to prohibition legislation, (excluding the brick annex upon which obsolescence has been allowed) was 20,977 square feet.

(8) The net asset value of the annex and equipment abandoned in 1919, at the time of its abandonment, was $48,594.45, and this amount has been allowed as a deduction from gross income by the Income Tax Unit of the Internal Revenue Bureau in computing the tax liability of the company for 1919 as a loss on account of obsolescence.

(9) On December 31, 1919, the company had on hand brewing materials consisting of about 6,000 bushels of malt, 2,000 pounds of sugar, between 5,000 and 6,000 pounds of hops and about 6,000 barrels of ale, porter and lager, but principally ale.

(10) The plant was properly equipped in every respect for the manufacture of cereal beverage, but it was incomplete for its sale as it did not have a bottling and Pasteurizing plant, which was subsequently purchased and operated.

(11) The manufacture of cereal beverage was discontinued because the product on hand had been used up and the business continued to show greater losses.

OPINION.

Morris: The appeal presents two issues for our determination, whether deductions should be allowed for obsolescence of (1) tangible property such as machinery, equipment and buildings and (2) intangible property such as good will.

The right to take a deduction for obsolescence of tangible property is provided for by section 234 (a) (7) of the 1918 Act. Having the right, the only question remaining is the specific amount of the

deduction. It is the contention of the petitioner that it is entitled to an additional deduction on account of obsolescence of tangible property of $96,071.50. That amount represents the difference between the undepreciated balance of the plant and equipment accounts on December 31, 1919, as shown on the books and the salvage value of the plant, less $48,594.45 which was allowed by the Commissioner as a deduction for obsolescence for the year 1919. The facts show, however, that a part of the assets represented by that amount was actually used by the petitioner during the years 1920 and 1921. This precludes the allowance of the total deduction herein contended for. See *Appeal of Yough Brewing Co.*, 4 B. T. A. 612.

The petitioner contends that, if the Board can not allow the deduction *in toto*, a proportionate part should be allowed, based on the percentage of the floor space of the brewery buildings unused after December 31, 1919, to the total floor space. The application of such a percentage is purely arbitrary and not warranted. We do not know the character of the floor space abandoned or what specific assets were not used in the manufacture of cereal beverages and their depreciated cost. A percentage such as that suggested has no relation to the cost of the assets not used after the taxable years in question nor does it assist in the determination of what those assets are. We must therefore deny the claimed deduction for obsolescence of tangible property.

The remaining question is controlled by our decision in *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 952, where we held that a deduction for obsolescence of good will is not allowable. See *Red Wing Malting Co.* v. *Willcuts* (C. C. A.), 15 Fed. (2d) 626; certiorari denied, 273 U. S. 763.

> *Judgment will be entered for the Commissioner on 15 days' notice, under Rule 50.*