*379 OPINION.
Moeeis:
The appeal presents two issues for our determination, whether deductions should be allowed for obsolescence of (1) tangible property such as machinery, equipment and buildings and (2) intangible property such as good will.
The right to take a deduction for obsolescence of tangible property is provided for by section 234 (a) (7) of the 1918 Act. Having the right, the only question remaining is the specific amount of the *380 deduction. It is the contention of the petitioner that it is entitled to an additional deduction on account of obsolescence of tangible property of $96,071.50. That amount represents the difference between the undepreciated balance of the plant and equipment accounts on December 31, 1919, as shown on the books and the salvage value of the plant, less $48,594.45 which was allowed by the Commissioner as a deduction for obsolescence for the year 1919. The facts show, however, that a part of the assets represented by that amount was actually used by the petitioner during the years 1920 and 1921. This precludes the allowance of the total deduction herein contended for. See Appeal of Yough Brewing Co., 4 B. T. A. 612.
The petitioner contends that, if the Board can not allow the deduction in toto, a proportionate part should be allowed, based on the percentage of the floor space of the brewery buildings unused after December 31, 1919, to the total floor space. The application of such a percentage is purely arbitrary and not warranted. We do not know the character of the floor space abandoned or what specific assets were not used in the manufacture of cereal beverages and their depreciated cost. A percentage such as that suggested has no relation to the cost of the assets not used after the taxable years in question nor does it assist in the determination of what those assets are. We must therefore deny the claimed deduction for obsolescence of tangible property.
The remaining question is controlled by our decision in Appeal of Manhattan Brewing Co., 6 B. T. A. 952, where we held that a deduction for obsolescence of good will is not allowable. See Red Wing Malting Co. v. Willcuts (C. C. A.), 15 Fed. (2d) 626; certiorari denied, 273 U. S. 763.

Judgment will be entered for the Commissioner on 15 days'1 notice, under Bule 50.